Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4069 | **DATE** | July 19, 2010 |
| **CASE TITLE** | Craig Charles (#2009-0027254) v. Frank Shaw, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The court authorizes the trust fund official at Plaintiff's place of confinement to deduct $18.60 as an initial partial filing fee from Plaintiff's trust fund account and to continue making deductions from the account in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Cook County Jail. The clerk shall issue summonses for service of the complaint on the Defendants, except the John and Jane Doe Defendants, who may be served once their identities are known. The clerk shall send to Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Plaintiff, Craig Charles (#2009-0027254), an inmate currently at the Cook County Jail, has filed an 42 U.S.C. § 1983 complaint against several Stateville Correctional Center officials. Briefly summarized, Plaintiff alleges the following. He was transferred to Stateville in February 2009. At Stateville, he was unable to obtain his medications for depression, back pain, high blood pressure, and high cholesterol. He complained to several officers about not being able to get his medications and about being in pain. Lieutenant Michell responded by spraying Plaintiff with mace through the choke hole of his cell. Michell then opened Plaintiff's cell door, and Michell, Sergeant Wilder, and three unknown officers referred to as John Does entered the cell and beat Plaintiff. They then moved him to another cell with no or little heat. Plaintiff forwarded several emergency grievances and letters to Warden Frank Shaw, to Assistant Wardens Reed and Hosey, and to an unknown superintendent referred to as Jane Doe, but they never responded. Plaintiff states that he told Shaw personally about the situation with the cell and lack of medications, but Shaw refused to do anything.

Plaintiff's *in forma pauperis* application reveals that he is unable to prepay the $350 filing fee. The court grants the motion and assesses an initial partial filing fee of $18.60. The court authorizes the trust fund officer at Plaintiff's place of confinement to deduct, when adequate funds exist, the initial filing fee from plaintiff's trust fund account and pay it to the clerk of court. After collection of the initial partial filing fee, the supervisor of inmate trust accounts is authorized to collect monthly payments from the trust account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and trust fund officers at Cook County Jail shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

The court's preliminary review of Plaintiff's complaint, *see* 28 U.S.C. § 1915A, indicates that he has stated a colorable cause of action against the Defendants. The clerk shall issue summonses for service of the complaint on the named Defendants. No summonses shall yet issue for the John and Jane Doe Defendants until their identiteis are known. Plaintiff may conduct discovery to learn the Doe Defendants' identities once an attorney enters an appearance for one of the other Defendants. Plaintiff may then seek to either substitute their names or file an amended complaint that includes the names of all of the Defendants.

The United States Marshal's Service shall serve Defendants Stateville Lieutenant Michel, Sergeant Wilder, Warden Frank Shaw, Assistant Warden Hosey, and Assistant Warden Reed. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve the Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendants. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, officials at Stateville Correctional Center shall furnish the Marshal with the Defendant's last-known address. The information shall be used only for purposes of effectuating service, or for proof of service should a dispute arise, and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail requests for waiver of service to the Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service; however, if unable to obtain waivers of service, the Marshal shall attempt to serve the Defendants personally.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any filing to the Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.