# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CRAIG CHARLES, | ) |
| Plaintiff, | ) ) ) |
| vs. | )  Case No. 10 C 4069 |
| FRANK SHAW, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Craig Charles, a prisoner in the Illinois Department of Corrections (IDOC), has filed a *pro se* lawsuit under 42 U.S.C. § 1983. He alleges that Frank Shaw and Mark Hosey, the warden and assistant warden of Stateville Correctional Center; two correctional officers, Lt. Philip Michel and Sgt. Jon Wiles; and Tracey Engelson, a public service administrator, violated his Eighth Amendment rights. Defendants have filed a motion for partial summary judgment, arguing that Charles failed to exhaust administrative remedies on certain of his claims. For the reasons stated below, the Court denies the motion.

## Facts

Charles alleges that Michel, Wiles, and other unknown officers used excessive force against him and that all the defendants were deliberately indifferent to his medical needs and subjected him to unconstitutional conditions of confinement. The defendants argue that Charles failed to exhaust administrative remedies as required by

42 U.S.C. § 1997e(a) with regard to the claims of excessive force and unconstitutional conditions of confinement. Michel and Wiles also argue that Charles failed to exhaust any claims against them.

Charles suffers from various medical ailments, including severe back pain. He was prescribed medication for these conditions while in the custody of the Cook County Department of Corrections (CCDOC). On February 3, 2009, Charles was transferred from the CCDOC to the IDOC's Northern Reception and Classification Center at Stateville. Upon arrival, medical staff screened Charles and prescribed the needed medication to treat his conditions. Despite this, Charles did not receive the medication when transferred to a cell unit. He alleges that he made several requests for the medication but was repeatedly ignored.

On February 10, 2009, Charles woke up with severe back pains. He requested the aid of a correctional officer. His encounter with the officer resulted in an exchange of profanity. Charles alleges that the officer left and then returned moments later with Michel, Wiles (to whom Charles refers as "The Sgt."), and other officers, who also engaged in an exchange of profanity with Charles. Charles alleges that Michel stated, "fuck him he want to be an asshole and complain all the time put his ass in cell 309 and let him freeze his ass off," opened the chuck-hole of Charles' cell to spray him with mace, and, together with Wiles and other officers, kicked and punched Charles and then dragged him to another cell. Am. Compl. ¶ 28. Charles alleges that cell 309 had a broken light and window and that he was not provided with a blanket when outside temperatures were below zero.

On February 10, 2009, Charles filed what he termed an "emergency" grievance

complaining about the excessive force, the conditions of his confinement, and the denial of his medication.  Am. Compl., Ex. 1.  He received no response.  Charles filed another emergency grievance on February 28, 2009, complaining about indifference to his medical needs.  *Id.*, Ex. 2.  The IDOC responded to the February 28 grievance by stating that Charles had received some medication and would receive the rest in a few days.  Charles then appealed to the Administrative Review Board (ARB).

The defendants concede that Charles exhausted administrative remedies regarding the claim of denial of medical care contained in his February 28 grievance.  Defs.' Summ. J. Mem. at 6.  Their motion for partial summary judgment is focused on Charles' claim of excessive force and his claim that he was subjected to unconstitutional conditions of confinement following his transfer to cell 309.  Defendants have offered no evidence, however, that the IDOC ever responded to Charles' February 10 grievance, the existence of which defendants do not deny in their answer to the complaint.  Defs.' Answer at 7.  Charles has offered evidence that he sent letters to the ARB and the Chief Administrative Officer (CAO) asking for a status update to his February 10 grievance.  *See* Pl.'s Exs. 9-14.  In at least one of these letters, dated April 26, 2009, Charles specifically referred to the February 10 grievance.  *See* Pl.'s Ex. 9.

## Discussion

Defendants argue that Charles failed to exhaust administrative remedies regarding his claims of excessive force and unconstitutional conditions of confinement and that Michel and Wiles should be dismissed from the lawsuit.  The latter argument is not entirely clear, but it appears that defendants contend that the Court should dismiss

Michel and Wiles from the lawsuit because Charles did not specifically name them in any grievance.

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party shows that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the facts in the light most favorable to the non-moving party and must draw reasonable inferences in that party's favor. *See, e.g., Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011). Once the moving party informs the court of the basis for its motion and identifies the portions of those pleadings and supporting documents which it believes demonstrate an absence of a genuine issue of material fact, then the non-moving party bears the burden to demonstrate the issue of material fact. *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 (1986).

Under the Prisoner Litigation Reform Act (PLRA), a prisoner may not file a suit concerning conditions in his prison or jail until he has exhausted available administrative remedies in accordance with the institution's procedural rules. 42 U.S.C.A. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 88-90 (2006). Exhaustion means "'using all steps the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *Jones v. Bock*, 549 U.S. 199, 212 (2007); *Kaba v. Stepp*, 458 F.3d 678, 686 (7th Cir. 2006).

The grievance process for IDOC prisoners includes as many as five levels of review. A prisoner typically first submits an informal grievance to his counselor. 20 Ill.

Admin. Code § 504.810(a). If the prisoner is not satisfied with the counselor's decision, he may submit a formal grievance to a grievance officer, within sixty days of the incident giving rise to the grievance. *Id.* The grievance officer conducts an investigation and submits a recommendation to the CAO. *Id.* § 504.830(d). IDOC regulations provide that when reasonably feasible, the CAO is to advise the prisoner in writing of his decision within two months after receipt of the grievance. *Id.* The prisoner may appeal the CAO's decision to the Director of the IDOC within 30 days. *Id.* § 504.850(a). The Director refers the matter to the ARB, which in turn submits a recommended decision to the Director. *Id.* § 504.850(b) & (f). When reasonably feasible, the Director is to make a final determination of the grievance within six months after receipt. *Id.* § 504.850(f).

A prisoner also may file an emergency grievance directly with the CAO. *Id.* § 504.840. If the CAO determines that there is a substantial risk of imminent injury or other serious or irreparable harm to the inmate, he is to address the grievance on an emergency basis. *Id.* § 504.840(a) (2003). If CAO does not deem the grievance an emergency, the prisoner may appeal the decision to the ARB, as described earlier. Defs.' Ex. C. The ARB may choose to accept an untimely grievance. 20 Ill. Admin. Code § 504.810(a).

1.  **Exhaustion of Administrative Remedies**

In their opening brief, defendants argued that Charles had not pursued prison grievance procedures regarding his claims of excessive force and poor conditions in the cell to which he was transferred. In response, Charles submitted an affidavit in which he stated that he had filed a grievance on February 10, 2009 regarding those claims,

5

and he provided a copy of the grievance (which he had earlier attached to his complaint). Charles stated in his affidavit that he never received a response to the grievance despite numerous requests for information about its disposition. In their reply brief, defendants shifted ground from their original argument, contending that Charles had not filed the proper procedures for filing a grievance or appealing its denial.

If a prison official does not respond to a properly filed grievance, an administrative remedy is not "available." *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). In addition, a prisoner cannot appeal an institutional decision if he has never received a decision. *Towns v. Holton*, 346 Fed. Appx. 97, 100 (7th Cir. 2009). In *Towns*, the plaintiff had filed two grievances with his grievance officer but did not receive a response to either of them. The defendants moved for summary judgment on the ground of failure to exhaust, attaching a copy of a denial of one of the grievances and arguing that the plaintiff had never appealed the denial. The Seventh Circuit found that the defendants had failed to prove that the remedy (i.e., the appeal) was "available." *Id.* at 100. The court reasoned that the defendants had not shown that the plaintiff ever had the opportunity to appeal the denial of his grievances, taking note of an affidavit from an IDOC employee stating that "an inmate may appeal [an] adverse ruling *after receiving* the decision." *Id.* at 99 (emphasis in original).

As in *Towns*, Charles claims he filed a grievance but never received a response. He has provided a copy of the February 10 grievance; an affidavit in which he states that he filed the grievance in accordance with established procedures; and several letters that he sent to the ARB and the chief administrator in 2009-10 in which he

6

referred to that grievance and sought information about its disposition. By contrast, defendants have provided only an affidavit with a conclusory statement that IDOC records reflect that Charles failed to exhaust administrative remedies. Based on this record, defendants are not entitled to summary judgment. A reasonable fact finder could determine that Charles submitted the February 10 grievance but prison authorities never addressed it.

Defendants argue that Charles did not appropriately file an "emergency" grievance and that he should have taken additional steps to pursue the matter after allegedly receiving no response. Defendants have offered no evidence, however, that any prison official advised Charles that he had filed the wrong sort of grievance. In this regard, the case is similar to *Dole*. In *Dole*, the plaintiff filled out a grievance form and placed it in the "chuck-hole" of his cell for a prison guard to pick up and mail to the ARB. *Id.* at 807. The plaintiff later wrote a letter to the ARB inquiring about the status of his grievance. The ARB replied that it had no record of his grievance and provided the plaintiff with no information on how he should proceed. The Seventh Circuit reversed the district court's decision granting summary judgment on non-exhaustion grounds. The court concluded that the plaintiff had had taken the necessary steps to exhaust one line of administrative review; prison officials has mishandled his grievance; and no one had given the plaintiff instructions regarding how he should proceed after he was advised that his grievance could not be found. *Id.* at 813.

As in *Dole*, Charles received no response from the ARB or CAO to his letters asking about the status of his grievance and no information regarding how to proceed if the grievance was lost. On this record, defendants cannot appropriately obtain

7

summary judgment based on Charles' purported failure to follow the correct grievance route.  In addition, though the Court acknowledges the possibility of fraud when a prisoner claims that he submitted a grievance and received no response, as in *Dole*, this potential does not justify a conclusion that Charles failed to exhaust administrative remedies.

For these reasons, the Court rejects defendants' contention that Charles failed to exhaust prison grievance procedures.

**2.     Failure to name officers in prison grievance**

Michel and Wiles argue that the Court should dismiss Charles' claims against them because he did not name them in his grievance.  The level of specificity required in a prisoner's grievance is dependent upon the prison's requirements.  *Jones v. Bock*, 549 U.S. 199, 218 (2007) (concluding that under Michigan prison rules, a grievance is not *per se* inadequate for failing to identify every correctional officer involved).  The applicable IDOC regulation requires a prisoner's grievance to contain "factual details regarding each aspect of the [prisoner's] complaint, including . . . the name of each person who is the subject of or who is otherwise involved in the complaint," but the regulation "does not preclude [a prisoner] from filing a grievance when the names of the individuals are not known," though the prisoner "must include as much descriptive information about the individual as possible."  20 Ill. Admin. Code § 504.810(b).  *See Glick v. Walker*, 385 Fed. Appx. 579, 582 (7th Cir. 2010) (prisoner must identify the individuals involved only to the extent practicable).

A grievance does not fail to exhaust administrative remedies merely because it

does not name particular officials. *Bock*, 549 U.S. at 218. In *Bock*, the court reversed and remanded two cases that had been dismissed for failure to exhaust on the ground that the plaintiffs had not named in their grievances every prison official whom they sued in court. *Id.* at 209-11. The Court relied on the fact that the applicable state regulations did not require naming particular officials but rather only to "be as specific as possible." *Id.* at 218.

IDOC regulations similarly do not render a grievance deficient for failure to identify by name each official involved. In *Glick*, the court noted that although section 504.810(b) requires the prisoner to include factual details such as the name of each person involved, it expressly "'does not preclude . . . a grievance when the names of individuals are not known . . . .'" *Glick*, 385 Fed. Appx. at 582 (quoting 20 Ill. Admin. Code § 504.810(b). The court concluded that the plaintiff's grievance was sufficient because he stated as much detail as one could reasonably expect, even though he identified no correctional officers by name. *Id.*

Charles complied with the requirements of the IDOC regulation. In his February 10 grievance, he named Michel, and he referred to Sgt. Wiles as "The Sgt.," identifying both as having assaulted him and as having put him in cell 309. He identified both officers with sufficient factual detail to meet the requirements of section 504.810(b).

## Conclusion

For the reasons stated above, the Court denies defendants' motion for partial summary judgment [docket no. 45]. Defendants Shaw, Hosey, and Michel have already answered the complaint. The remaining named defendants are directed to do so by no

later than July 19, 2011. Each party is directed to file, by no later than July 26, 2011, a status report including the following information: (a) the names of all persons who have information the party may use to support its claims or defenses; and (b) identification of all documents, or categories of documents, that the party needs from the other side or third parties to support its claims or defenses. The case is set for a status hearing on August 9, 2011 at 9:00 a.m. Defense counsel is directed to make arrangements to have plaintiff participate by telephone.

                                              MATTHEW F. KENNELLY
                                              United States District Judge

Date: July 5, 2011