# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CRAIG CHARLES, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 10 C 4069 |
| FRANK SHAW, MARK HOSEY, MARVIN REED, PHILIP MICHEL, JON WILES, TRACEY ENGLESON, JOHN DOE OFFICER #1, JOHN DOE OFFICER #2, JOHN DOE OFFICER #3, JANE DOE NURSE #1, JANE DOE #2, JANE DOE MEDICAL TECHNICIAN #1 JANE DOE MEDICAL TECHNICIAN #2, and JOHN OR JANE DOE PHARMACIST, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Craig Charles, a former inmate at Stateville Correctional Center, has sued a number of Illinois Department of Corrections employees pursuant to 42 U.S.C. § 1983, claiming they violated his Eighth and Fourteenth Amendment rights. He has named as defendants Frank Shaw, Stateville's acting warden when the alleged violations occurred; Mark Hosey and Marvin Reed, acting assistant wardens; Lt. Philip Michel and Sgt. Jon Wiles, correctional officers; Tracey Engleson, superintendent of the Northern Reception and Classification Center at Stateville; three unnamed officers; two unnamed nurses; two unnamed medical technicians; and one unnamed pharmacist.

Defendants Shaw, Hosey, Reed, Michel, Wiles, and Engleson – in other words, all of the named defendants – have moved for summary judgment on all of Charles's claims. For the reasons stated below, the Court denies defendants' motion, except as to defendant Reed, as to whom the Court grants summary judgment.

**Background**

Charles alleges that the named defendants denied him medication that had been prescribed to him and subjected him to unconstitutional conditions of confinement. Charles also claims that Michel and Wiles used excessive force against him. Because defendants have moved for summary judgment, the Court views the facts in the light most favorable to Charles and draws reasonable inferences in his favor. *See Antonetti v. Abbott Labs.*, 563 F.3d 587, 591 (7th Cir. 2009).

On February 3, 2009, prison officials transferred Charles from Pinckneyville Correctional Center to the Northern Reception and Classification Center at Stateville Correctional Center. There, one or more doctors examined Charles and prescribed him medication, including for pain. Despite this, Charles did not receive pain medication between February 3, 2009 and at least March 17, 2009. He alleges that he notified each named defendant of this in person, by letter, or both. Charles claims that the defendants failed to do anything to enable him to obtain the medication. Charles filed an emergency grievance on February 28, 2009. As a result, a medical technician and doctor examined Charles on March 11 and 13, 2009, respectively.

On February 10, 2009, Charles was in severe pain and asked an unnamed officer for help. The officer walked off, but returned shortly thereafter. Charles repeated his request for help. Charles says that their conversation grew heated and that both he

2

and the officer began using profanity. Charles claims that the officer left again and returned moments later with Michel, Wiles, and other unnamed officers. Charles alleges that Michel stated, "Fuck him. He want to complain all of the time then you know, put his ass in cell 309 and let him freeze his ass off. See if he complains then." Pl.'s Ex. A at 39. Charles maintains that Michel sprayed mace into the chuck-hole of his cell and then, with Wiles and the other officers, kicked and punched him and dragged him to another cell. Charles claims that the defendants hurt his already injured back, bruised his ribs, and caused his nose to bleed.

Charles further alleges that the cell where the officers dragged him, cell 309, was very dark, dirty, and cold. He says that he repeatedly complained to Shaw, Hosey, and Engleson about the conditions in cell 309 but that they did nothing to remedy the situation. Charles says that he continued to live in cell 309 until April 28, 2013.

In 2011, defendants moved for partial summary judgment on the ground that Charles failed to exhaust administrative remedies regarding his claims of excessive use of force and unconstitutional conditions of confinement. The Court denied the motion, concluding that a reasonable fact-finder could find that Charles filed a grievance about both claims while he was detained at Stateville. *Charles v. Shaw*, Case No. 10 C 4069, 2011 WL 2633743, at *3 (N.D. Ill. July 5, 2011).

## Discussion

As stated earlier, defendants have moved for summary judgment on all of Charles's claims. Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

3

entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Only a dispute over material facts "that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate when no reasonable juror could return a verdict in favor of the non-movant based on the evidence that the parties have provided. *See Ball v. Kotter*, 723 F.3d 813, 821 (7th Cir. 2013).

1.  **Denial of medication**

The Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official is liable under the Eighth Amendment for subjecting an inmate to inhumane conditions of confinement when the official is aware of but disregards circumstances that he knows pose a substantial risk of serious harm to the inmate. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

All of the named defendants claimed during their depositions that they were unaware that Charles ever lacked pain medication that had been prescribed to him. During his deposition, however, Charles recounted repeatedly informing each of the named defendants, except for Reed, that he was not receiving this medication. Based on the record before the Court, Charles never mentioned Reed during his deposition. As to the other named defendants, however, Charles's testimony is in direct conflict with theirs.

The defendants characterize Charles's sworn testimony about notifying them that he was not receiving his prescribed pain medication as "self-serving statements" that

4

cannot prevent summary judgment. Defendants cite *Albiero v. City of Kankakee*, 246 F.3d 927, 933 (7th Cir. 2001), in support of their argument. The later cases that reject this rule are legion, and defendants did not bother to cite any of them even though many predated the filing of their summary judgment brief and all of them predated their reply brief. *See Hill v. Tangherlini*, 724 F.3d. 965, 967-68 & n.1 (7th Cir. 2013). As the court stated in *Hill*, it has "repeatedly emphasized over the past decade [that] the term 'selfserving' must not be used to denigrate perfectly admissible evidence through which a party tries to present its side of the story at summary judgment." *Id.* (citing several cases). The court also overruled *Albiero* and other similar decisions to the extent they were to the contrary. *See id.* at 967 n.1.

Charles's testimony during his deposition is plainly admissible evidence, and it is sufficient, without more, to preclude summary judgment in favor of Shaw, Hosey, Michel, Wiles, or Engleson on this claim. Reed, however, is entitled to summary judgment on this claim due to the absence of any testimony from Charles, or other evidence, of his awareness of the denial of medication.

**2.     Use of excessive force**

A prison official inflicts unnecessary and wanton pain, in violation of the Eighth Amendment, when he applies force in a malicious or sadistic way to cause harm. *Whitley v. Albers*, 475 U.S. 312, 320 (1986). Such an application of force is unlawful even if it does not result in significant injury. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

As with the denial-of-medication claim, Charles has offered sworn testimony detailing the ways in which he says Wiles, Michel, and other unknown officers assaulted him. Wiles and Michel deny having used excessive force against Charles. But to grant

5

summary judgment in their favor, the Court would be required to ignore Charles's testimony. That would be improper. The dispute is one that must be resolved at a trial.

Defendants have submitted shift logs from the IDOC that reflect that other officers, and not Wiles and Michel, were on duty in the unit where the alleged attack happened on the day that Charles claims that it occurred. Assuming these records are accurate, which is not a foregone conclusion given Charles's testimony, they still do not foreclose the possibility that the defendants attacked Charles: for example, a reasonable juror could find that these defendants entered Charles's unit on the day in question even if they were not assigned there. Indeed, Charles contends that another officer with whom he had a verbal altercation left the unit and then came back with Wiles and Michel. For these reasons, the Court need not address at this point the admissibility of the logs.

**3.    Conditions of confinement**

The Eighth Amendment is violated when prison officials fail to provide an inmate with "the minimal civilized measure of life's necessities." *Gillis v. Litscher*, 468 F.3d 488, 491 (7th Cir. 2006). As stated earlier, a prison official is liable for unconstitutional conditions of confinement only if he was aware of the conditions, understood that the conditions created a substantial risk of serious harm, and did not take reasonable steps to help rectify the situation. *Farmer*, 511 U.S. at 837.

Charles contends that cell 309 was very dirty, both its lights and window were broken, and it supplied no heat even in February. Charles also claims that prison officials refused to provide him any blankets or sheets while he remained there. During their respective depositions, all of the defendants denied having any knowledge of the

conditions in cell 309 that Charles describes. Charles counters that Michel and Wiles placed him there and that he complained to Shaw, Hosey, and Engleson about the cell's conditions more than once. (Again, Charles has not submitted any evidence indicating that he complained to defendant Reed.)

Defendants also argue that Wiles and Michel could not have placed Charles in an uninhabitable cell because the prison's computer system would have designated it as "condemned," a label that, defendants contend, precludes placement of an inmate in the particular cell. Defendants say that if Charles's allegations were true, prison officials would have noticed the deficiencies in cell 309 during a routine inspection of the unit and would have issued a work order for the cell, which did not happen. Defendants have provided records of the inspections and work orders that prison officials made during the time period in question, which reflect no such work order for cell 309. From this, defendants essentially argue that Charles's contentions must be untrue.

The problem with defendants' argument is that it omits the possibility that the system defendants cite could have been circumvented. There are cases in which a party's sworn testimony that is the sole basis for opposing summary judgment is utterly implausible or even physically impossible, and in such cases summary judgment may be appropriate despite the party's testimony. *See, e.g., In re Chavin*, 150 F.3d 726, 728-29 (7th Cir. 1998). But this is not such a case. The inspection records that defendants have offered support Charles's contention that the cell was cold, dark, and dirty, and the inferences that defendants ask the Court to draw do not render utterly implausible the proposition that Charles was placed in the cell despite the controls that defendants cite. Thus the defendants other than Reed are not entitled to summary

7

judgment, and once again the Court need not address whether the records in question are properly admissible. Reed, however, is entitled to summary judgment, due to the absence of any evidence cited by Charles regarding his awareness of the conditions in the cell or involvement in the alleged deliberate indifference.

**Conclusion**

For the reasons stated above, this Court denies defendants' motion for summary judgment [docket no. 96] with respect to Shaw, Hosey, Michel, Wiles, and Engleson but grants the motion with respect to Reed. The case is set for a status hearing on October 17, 2013 at 9:30 a.m. for the purpose of setting a trial date and discussing the possibility of settlement.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: October 9, 2013